IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BARRY R. GLAZER,** | * | Case No.: _____ |
| **GINA GARGEU D/B/A** | * | |
| **CENTURY 21 DOWNTOWN** | * | |
| 1010 Light Street | * | |
| Baltimore, MD 21230 | * | |
| Individually and on Behalf of | * | |
| All Others Similarly Situated, | * | **CLASS ACTION COMPLAINT** |
| **Plaintiff**, | * | FOR COMMON LAW |
| | * | FRAUD / DECEIT, |
| v. | * | NEGLIGENT |
| | * | MISREPRESENTATON, |
| **META PLATFORMS, INC.,** | * | NEGLIGENCE, |
| Serve on: CSC-Lawyers Incorporating | * | UNJUST ENRICHMENT, |
| Service Company | * | VIOLATION OF THE |
| 7 St. Paul Street, Suite 820 | * | RACKETEER INFLUENCED |
| Baltimore, MD 21202 | * | AND CORRUPT |
| | * | ORGANIZATIONS ACT, |
| **FACEBOOK, INC.,** | * | BREACH OF CONTRACT |
| Serve on: CSC-Lawyers Incorporating | * | |
| Service Company | * | |
| 7 St. Paul Street, Suite 820 | * | |
| Baltimore, MD 21202 | * | |
| | * | |
| **INSTAGRAM, LLC,** | * | |
| Serve on: CSC-Lawyers Incorporating | * | |
| Service Company | * | |
| 7 St. Paul Street, Suite 820 | * | |
| Baltimore, MD 21202 | * | |
| | * | |
| and | * | |
| | * | |
| **GOOGLE LLC** | * | |
| 1600 Amphitheatre Parkway | * | |
| Mountain View, CA 94043 | * | |
| | * | |
| Serve on: Corporation Service Company | * | |
| 2710 Gateway Oaks Drive, Suite 150N | * | |
| Sacramento, CA 95833 | * | |
| | * | |
| **Defendants.** | * | |
| | * | **JURY TRIAL DEMANDED** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1

## CLASS ACTION COMPLAINT

**Plaintiff Century 21 Downtown** ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Meta Platforms, Inc. (Meta), Facebook, Inc. (Facebook), Instagram, LLC (Instagram), and Google LLC (Google) (collectively, "Defendants"), and alleges upon personal knowledge as to itself and its own acts, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1. Plaintiff Century 21 Downtown is a real estate company based in Baltimore, Maryland, that owns and maintains vacant residential properties listed for sale to the public.

2. Plaintiff brings this class action to redress substantial harms caused by Defendants' failure to monitor, control, and act on repeated and open violations of the law occurring on their platforms — specifically, the organized promotion and facilitation of unlawful property "squatting" schemes by individuals who utilize YouTube and Marketplace (owned and operated by Defendants) to sell unauthorized access to vacant homes.

3. These individuals, using the platforms provided and operated by Defendants, openly advertise "squatter houses," break into Plaintiff's vacant homes, change locks, and sell access to these homes to third-party individuals, collecting money and falsely claiming legal authority to provide entry.

4. As a direct and foreseeable result, Plaintiff and similarly situated property owners suffer prolonged loss of property control, damage to property, reputational harm, and significant financial losses due to the protracted eviction process and inability to sell the affected properties.

5. Despite repeated violations of their content and community guidelines, Defendants failed to take timely or effective action, knowingly benefiting from continued user engagement, advertising revenue, and platform traffic.

## PARTIES

6. Barry R. Glazer and Gina Gargeu own and operate Century 21 Downtown. Plaintiff Century 21 Downtown is a real estate company headquartered in Maryland that lists, maintains, and sells residential properties, including numerous vacant homes.

7. Defendant Meta Platforms, Inc. is a Delaware corporation with its principal place of business in California. Meta owns and operates Facebook and Marketplace, and is registered to do business in Maryland.

8. Defendant Facebook, Inc. is a subsidiary or affiliated entity of Meta and also operates the Facebook platform through which some unlawful squatter home transactions were advertised and coordinated.

9. Defendant Instagram, LLC is also a subsidiary or affiliated entity of Meta and operates the Instagram platform, which was likewise used to advertise, promote, or facilitate unlawful squatter home transactions at issue in this case.

10. Defendant Google LLC is a Delaware limited liability company with its principal place of business in California. Google owns and operates YouTube, a platform used to broadcast videos of illegal squatting activities, including instructions on how to break into and resell homes unlawfully.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) because this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and is a class in which at least one member is a citizen of a state different from any Defendant.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims occurred in this District and Defendants conduct business here.

## FACTUAL ALLEGATIONS

12. Plaintiff maintains numerous properties in Baltimore, Maryland, which are often vacant while listed for sale.

13. Beginning in or around 2023, Plaintiff became aware of a trend in which individuals were illegally occupying these homes and advertising them as "squatter houses" for rent.

14. These individuals posted content on Facebook Marketplace, Instagram, and YouTube, advertising "vacant homes for rent," and offering tours of illegally accessed properties.

15. Several videos on YouTube include monetized content where these individuals solicit viewers to purchase access to these homes, providing "keys" for a fee.

16. Plaintiff has identified at least one individual openly profiting from this scam using both platforms, with full knowledge that she is not the legal owner or authorized representative of the properties.

3

17. The delay in eviction (often exceeding 4–6 months) under Baltimore city ordinances exacerbates the harm, depriving Plaintiff of sales income, and increasing liability and maintenance costs.

18. Defendants have received numerous user reports about this conduct, yet fail to remove these accounts or content promptly or permanently.

19. Defendants profit from this illegal activity through user engagement, advertisement placements, and monetization of video content.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf of a class defined as:

**"All property owners or real estate companies in the United States who maintained vacant properties unlawfully accessed and occupied due to content promoted on Facebook, Facebook Marketplace, Instagram or YouTube."**

21. The Class is so numerous that joinder is impracticable. The injuries suffered by each member of the Class were caused by the same or similar practices.

22. Common questions of law and fact predominate, including:

- Whether Defendants knew or should have known of the illegal squatting content;
- Whether Defendants took reasonable steps to stop the conduct;
- Whether Defendants' conduct caused harm to Plaintiff and the Class;
- The appropriate measure of damages.

## COUNT I – COMMON LAW FRAUD / DECEIT

### (Against All Defendants)

23. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

24. Defendants represented to the public, including Plaintiff and Class Members, that their platforms (including Facebook, Marketplace, and YouTube) prohibit fraudulent, deceptive, and unlawful conduct, and that they monitor and enforce these prohibitions.

4

25. These representations were false or misleading. In reality, Defendants allowed and continued to profit from the promotion and advertisement of illegal "squatter home" schemes that violated property laws, real estate regulations, and their own platform rules.

26. Defendants knew or should have known that content promoting unauthorized access to real estate — including videos showing lock changes and Marketplace listings for homes not owned by the seller — was fraudulent and unlawful.

27. Despite receiving reports, complaints, and public attention about the schemes, Defendants failed to remove or prevent this content, thereby facilitating its continued distribution and monetization.

28. Defendants' fraudulent conduct induced Plaintiff and Class Members to believe their properties and listings were not vulnerable to hijacking through online platforms.

29. As a direct and proximate result of Defendants' deceit, Plaintiff and the Class suffered financial loss, property damage, loss of business opportunities, and reputational harm.

## COUNT II – NEGLIGENT MISREPRESENTATION

### (Against All Defendants)

27. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

28. Defendants made negligent misrepresentations through their public policies, terms of use, and user agreements, including promises to act promptly against fraud, property crime, and harmful user conduct.

29. These statements created a duty of care owed by Defendants to users and third parties, including real estate holders like Plaintiff, to reasonably monitor and enforce against known illegal conduct.

30. Defendants breached this duty by negligently failing to investigate, remove, or prevent content that promoted and enabled squatting, trespassing, lock-changing, and the resale of properties without ownership.

31. Plaintiff and Class Members relied upon these representations by continuing to market properties and do business under the assumption that platforms would not actively enable criminal activity.

32. Plaintiff and the Class suffered damages as a direct and proximate result, including eviction costs, legal fees, lost property value, and extended vacancy periods.

## COUNT III – NEGLIGENCE

### (Against All Defendants)

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

34. Defendants owed a duty to exercise reasonable care in the design, monitoring, and operation of platforms that serve as de facto marketplaces and media broadcasters.

35. Defendants knew or reasonably should have known that their platforms were being used to coordinate illegal activity — including the unlawful occupation, advertisement, and resale of residential properties owned by others.

36. Defendants breached their duty by failing to act reasonably upon notice or awareness of such conduct, including failing to take down videos, suspend known violators, or implement adequate monitoring protocols.

37. Defendants also continued to recommend, algorithmically boost, and monetize the very content and accounts responsible for the illegal activity.

38. The harm to Plaintiff and the Class was foreseeable and directly related to Defendants' negligent failure to prevent, remove, or respond to the misuse of their platforms.

39. As a result of Defendants' negligence, Plaintiff and the Class sustained economic losses, business interruption, reputational harm, and physical damage to their properties.

---

## COUNT IV – UNJUST ENRICHMENT

### (Against All Defendants)

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

41. Defendants have received substantial financial benefits through advertisements, user engagement, and monetization associated with illegal squatter-related content.

42. These benefits were obtained at the direct expense of Plaintiff and the Class, who suffered financial losses from unlawful occupancy of their properties and the degradation of their real estate value.

43. Defendants' platforms served as the vehicle for the transactions and fraud, and they knowingly allowed repeat violators to continue profiting on their systems.

44. Defendants' retention of profits from illegal and harmful activity is inequitable and constitutes unjust enrichment under law.

45. Plaintiff and Class Members are entitled to restitution and disgorgement of the revenues earned from videos, listings, advertising, and data monetization derived from this conduct.

## COUNT V – VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) (18 U.S.C. §§ 1961–1968)

### (Against All Defendants)

46. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47. Defendants constitute "persons" within the meaning of 18 U.S.C. § 1961(3) and have conducted, participated in, or facilitated the conduct of an "enterprise" affecting interstate commerce through a pattern of racketeering activity.

48. This enterprise includes the coordination of individuals who fraudulently advertise and resell unauthorized access to residential properties using online platforms, including YouTube and Facebook.

49. The pattern of racketeering activity includes numerous acts of wire fraud (18 U.S.C. § 1343), wherein false advertisements and solicitations for payment were transmitted via the internet and electronic communications.

50. Defendants knowingly hosted, promoted, and profited from this enterprise by monetizing the content and receiving revenue, while enabling the furtherance of illegal schemes.

51. The enterprise is ongoing, with continuing activity that poses a threat to legitimate property owners and commerce.

52. Plaintiff and the Class suffered injury to their business and property due to Defendants' participation in the unlawful enterprise, including the cost of eviction proceedings, diminished property value, and lost business opportunities.

53. Plaintiff and the Class seek treble damages, attorneys' fees, and all available relief pursuant to 18 U.S.C. § 1964(c).

## COUNT VI – BREACH OF CONTRACT

### (Against All Defendants)

54. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. Defendants publicly issued Terms of Use, Community Standards, and Advertising Policies that function as contracts between Defendants and their users and create enforceable obligations to third-party beneficiaries, including affected property owners.

56. These contractual terms included commitments to prohibit illegal activity, remove harmful content, and protect the integrity of the platforms and the safety of the public.

57. Defendants materially breached these promises by allowing known violators to remain on their platforms, permitting widespread fraud, and profiting from illegal content.

58. Plaintiff and the Class were the intended third-party beneficiaries of Defendants' obligations to uphold lawful, safe, and secure user practices.

59. As a direct result of these breaches, Plaintiff and the Class suffered loss of income, property damage, increased legal and security costs, and reputational harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendants as follows:

A. Certify this action as a class action pursuant to Rule 23;
B. Award compensatory and punitive damages;
C. Award restitution and disgorgement of profits;
D. Award attorneys' fees and costs;
E. Enjoin Defendants from continuing the unlawful practices;
F. Any further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

_____/s/_____
**Brandon R. James**
AIS No.: 2101130004
The Law Office of Barry R. Glazer
PO BOX 21230
1010 Light Street
Baltimore, Maryland 21230
410-547-8568
**Counsel for Plaintiff and the Proposed Class**