IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARRY GLAZER, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. GLR-25-1849 |
| META PLATFORMS, INC., et al., | * | |
| Defendants. | * | |
| | * | |

\*\*\*

## <u>ORDER</u>

Pending before the Court is Defendant Meta Platforms, Inc.'s ("Meta") Motion to Dismiss (ECF No. 33). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will grant the Motion.

Plaintiffs Barry Glazer and Gina Gargeu filed a Class Action Complaint against Meta, Facebook, Inc., Instagram, LLC, and Google LLC on June 10, 2025, alleging common law fraud/deceit (Count I), negligent misrepresentation (Count II), negligence (Count III), unjust enrichment (Count IV), violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 (Count V), and breach of contract (Count VI). (Compl. ¶¶ 20–59, ECF No. 1). The Clerk issued Summonses as to Google and Meta on June 20, 2025, (ECF Nos. 6–6-1), but Plaintiffs did not provide Summonses for Facebook or Instagram, two subsidiaries of Meta, (Compl. ¶¶ 8–9). On September 16, 2025, the Court issued an Order to Show Cause, directing Plaintiffs to either provide

Summonses for Facebook and Instagram or to amend the Complaint to remove Facebook and Instagram as Defendants if Plaintiffs do not assert claims against Facebook and Instagram separate and apart from Meta. (Sep. 16, 2025 Order at 1–2, ECF No. 8).[1] Plaintiffs filed a Motion Showing Cause, in which they requested additional time to perfect service. (Pls.' Mot. Showing Cause at 1, ECF No. 9). The Court granted this Motion on October 6, 2025, extending the time for Plaintiffs to perfect service from September 8, 2025 (ninety days after filing the Complaint) to January 5, 2026. (Oct. 6, 2025 Marginal Order, ECF No. 11); see also Fed.R.Civ.P. 4(m) (requiring service within ninety days of the filing of the complaint); Local Rule 103.8(a) (D.Md. 2025) (same). To date, there is no record that Google, LLC has been served.

Meta and Instagram filed a Motion to Dismiss on February 9, 2026. (ECF No. 21). After requesting and receiving extensions to file a Reply and to file an Amended Complaint, (see ECF Nos. 25–27, 30), Plaintiffs filed an Amended Complaint on March 9, 2026, (ECF No. 28). In the Amended Complaint, Plaintiffs removed Facebook and Instagram as Defendants and added four claims against Meta: negligence (Count VII), public nuisance (Count VIII), unjust enrichment (Count IX), and products liability (design defect) (Count X). (Am. Compl. at 1, 13–22, ECF No. 28). The Court granted Meta additional time to respond to the Amended Complaint and denied as moot Meta's Motion to Dismiss the initial Complaint. (Mar. 12, 2026 Order at 1–2, ECF No. 32).

---

[1] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Files ("CM/ECF") system.

Meta filed the instant Motion to Dismiss the Amended Complaint on May 8, 2026, asserting that Plaintiffs' claims are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230, and that Plaintiffs fail to sufficiently allege all elements of their claims. (Def.'s Mem. L. Supp. Mot. Dismiss Am. Compl. ["Mot."] at 13, 21, ECF No. 33-1). Under Local Rule 105.2(a), Plaintiffs' Opposition was due by May 22, 2026. To date, the Court has not received an Opposition from Plaintiffs, nor have Plaintiffs sought an extension of time to file an Opposition as they have done for other deadlines in the past. (See Mot. Showing Cause; Mot. Ext. Time File Reply, ECF No. 25; Mot. Ext. Time File Am. Compl., ECF No. 27).

The Court agrees with Meta that Section 230 bars Plaintiffs' claims. As this Court explained in Glazer v. Meta Platforms, Inc., No. GLR-25-1560, 2025 WL 2958810 (D.Md. Oct. 17, 2025), "Section 230 grants immunity from liability to (1) interactive computer services (2) for speech posted on the service by a third party (3) for claims that seek to treat the service as if it published the third party's speech." Id. at *3. All three elements are satisfied here: Meta is an interactive services provider, see id.; Plaintiffs' claims treat Meta as the publisher or speaker of information under Section 230 because they "seek 'to hold [Meta] liable for . . . deciding whether to publish, withdraw, postpone or alter content' provided by third parties,"[2] id. at *4 (quoting M.P. by & through Pinckney v. Meta

_____

[2] (See, e.g., Am. Compl. at 7–12 (alleging that "Defendants failed to remove or prevent [violative] content," "fail[ed] to investigate, remove, or prevent" third parties from disseminating such content, "fail[ed] to take down videos, suspend known violators, or implement adequate monitoring protocols," "hosted promoted and profited from" third parties posting such content, "allow[ed] known violators to remain on their platforms, permitting widespread fraud"; and that "Defendants' platforms served as the vehicle for

Platforms Inc., 127 F.4th 516, 524 (4th Cir.), cert. denied 146 S.Ct. 287 (2025)); and the content at issue here is that of third parties, and Plaintiffs "seek[] to hold Meta liable, not for providing that content, but for allowing third parties to do so," id. at *6. Because the Court finds that Meta's unopposed Motion is meritorious and well-founded, the Motion to Dismiss shall be granted.

Accordingly, it is this 12th day of June, 2026, by the United States District Court for the District of Maryland, hereby:

ORDERED that Meta's Motion to Dismiss (ECF No. 33) is GRANTED;

IT IS FURTHER ORDERED that the Amended Class Action Complaint (ECF No. 28) is DISMISSED with prejudice as to Meta;[3]

IT IS FURTHER ORDERED that the Clerk shall TERMINATE Facebook, Inc. and Instagram, LLC as Defendants in this action;

IT IS FURTHER ORDERED that Plaintiffs SHOW CAUSE within fourteen (14) days of the date of this Order why the Amended Complaint should not be dismissed without prejudice against Google, LLC, for failure to serve; and

---

the transactions and fraud, and they knowingly allowed repeat violators to continue profiting on their systems")). Plaintiffs' four additional claims against Meta's design and operation of its platforms satisfy this element as well because those allegations are "merely another way of claiming that [Meta is] liable for publishing" third party content. Doe v. MySpace, Inc., 528 F.3d 413, 420 (5th Cir. 2008); (see Am. Compl. at 13–22).

[3] "Because Section 230 provides Meta immunity from [Plaintiffs'] claims, amending of the Complaint 'would be futile,' and dismissal will be with prejudice." Glazer, 2025 WL 2958810, at *10 n.9 (quoting Cozzarelli v. Inspire Pharms. Inc., 549 F.3d 618, 630 (4th Cir. 2008)); see also McDonald v. LG Elecs. USA, Inc., 219 F.Supp.3d 533, 540 n.6 (D.Md. 2016) (dismissing with prejudice plaintiff's negligent failure to warn claim because Section 230 barred that claim).

IT IS FURTHER ORDERED that Plaintiffs are FOREWARNED that failure to respond to this Order may result in dismissal of the Amended Complaint against Google, LLC without further notice from this Court.

_____/s/_____

George L. Russell, III
Chief United States District Judge